UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


MICHAEL PAYMENT, M.D.                                                                         PLAINTIFF

V.                                                                        CIVIL ACTION NO. 1:07cv1003-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                   DEFENDANT

## ORDER

The motions presently before the Court illustrate the adage that no good deed goes unpunished; unfortunately in this case it is more than one good deed serving as victims.  This is especially troubling in a case in which the [1] Complaint was filed on August 9, 2007, and trial is scheduled in January 2009.

The [9] Scheduling Order has been amended three times by the Magistrate Judge, by Text Only Orders, as follows: May 13, 2008 (allowing Defendant State Farm Fire and Casualty Company (State Farm) an extension of time in which to file the designation of experts); July 22, 2008 (granting an extension of time to complete discovery and setting September 26 as the dispositive motion(s) deadline; and September 15 (once again extending discovery (to October 10) and extending the dispositive motion deadline to October 13).  In this last order, in an effort to maintain the January '09 trial setting, the Magistrate took the extraordinary step of establishing a briefing schedule with respect to dispositive motions.

Therefore, it should come as no surprise that the dispositive motion deadline was not met–State Farm filed its [72] Motion for Partial Summary Judgment one day late.  Now, two weeks after this dispositive motion was filed and a week after his response was due in accordance with the Magistrate's September 15 order, the Plaintiff has filed a [80] motion to strike State Farm's motion for partial summary judgment or, in the alternative, a [82] motion for an additional two weeks to respond to State Farm's motion, and a [83] motion for extension of time to file his own cross-motion for partial summary judgment.  The Court is not receptive to any of these requests.

The only result of waiting for State Farm's replies is more delay.  While the Court does not understand why State Farm's dispositive motion was filed late, it is not going to punish a one day error (except as provided below) in as much as Plaintiff is content to ask for more time to respond.  Some additional time will be granted, but two weeks are far too long.

It is disingenuous for Plaintiff to assert that "[t]he parties have been working diligently to complete discovery within the Court's scheduled deadline."  Plaintiff fails to mention that the discovery deadline was extended twice.

Plaintiff then "requests . . . that he be allowed to file his own motion for partial summary judgment *on the issue of punitive damages* at the same time he files his response." (Emphasis supplied). Although not explained, Plaintiff apparently believes the Court will declare at this time that the issue of punitive damages will go to the jury. The Court will not attempt to guess at Plaintiff's intent; it is enough to say that it is obvious that this is not proper procedure.

By Plaintiff's own admission, case management order deadlines continue to be ignored and the parties are proceeding without the Court's approval. In fact, it appears that depositions are scheduled as late as November or December (keeping in mind a January 2009 trial date). Regrettably, this type of conduct is not new to the Court. *See Wagner v. Metropolitan Property and Casualty Insurance Co., et al.*, No. 1:07cv969 (docket entries [123] and [139]).

The Court does not take lightly the unilateral extension of deadlines by parties. This is particularly true when the Court has been more than generous in allowing ample time for discovery to be conducted. As stated in *Wagner*, "mutual agreements to the exclusion of the Court's approval are not acceptable."

The Plaintiff's [80] [82] [83] motions lack a showing of good cause for the requested relief. Their brevity displays a belief that the Court will offer forgiveness in the face of a failure to ask permission. This belief is mistaken.

Like *Wagner*, "[t]his case is a lesson in what happens when a case's management is left to the parties' devices" and keeping it that way guarantees delays and confusion. Unlike *Wagner*, trial is nigh. It bears repeating that "[i]t is the Court's hope that the parties f[u]lly understand the lack of tolerance that is held for the practice of not obtaining permission to extend deadlines and the dangerous precedent that would be set if it became common custom."

Accordingly, **IT IS ORDERED:**

The Plaintiff's [80] Motion to Strike the [72] Motion for Partial Summary Judgment is **DENIED**;

The Plaintiff's [82] Motion for Extension of Time to File Response to the [72] Motion for Partial Summary Judgment is **DENIED** as requested, and Plaintiff's response to said motion shall be filed no later than October 31, 2008 (no further extensions will be granted);

State Farm's reply to Plaintiff's response shall be due no later than November 4, 2008 (no further extensions will be granted and State Farm shall not be allowed to exceed the page limitation established by the Uniform Local Rules);

The Plaintiff's [83] Motion for Extension of Time to File Cross-Motion for Partial Summary Judgment is **DENIED**;

This matter is referred to the United States Magistrate Judge for any proceedings consistent herewith, including but not limited to an earlier settlement conference;

The parties and their counsel are cautioned that the Court will not hesitate to impose sanctions pursuant to Fed. R. Civ. P. 16 (f) or any other applicable authority.

**SO ORDERED** this the 27th day of October , 2008.

                                                          s/ L. T. Senter, Jr.
                                                          L. T. SENTER, JR.
                                                          SENIOR JUDGE