UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL PAYMENT, M.D.                                                                        PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:07CV1003-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                      DEFENDANT

**ORDER**

The only motion before the Court in this cause of action, Defendant's [72] Motion for Partial Summary Judgment, is straightforward and aimed at Plaintiff's claims for punitive damages and extra-contractual damages. Under the standards of Fed. R. Civ. P. 56, the request for relief is not well taken at this time..

The gravamens of Plaintiff's allegations are that Defendant failed to conduct an adequate investigation of damage to his home caused by Hurricane Katrina and that Defendant delayed payment of covered losses. After a thorough review of the record, the Court is not in a position to say that there are no genuine issues of material fact justifying judgment as a matter of law on the issues of punitive and extra-contractual damages.

This cause of action is between Plaintiff and Defendant arising under a contractual relationship, with Defendant owing obligations to Plaintiff, including the implied duty of good faith and fair dealing, and the legal responsibility to fairly investigate and evaluate his claims and respond appropriately. Plaintiff has come forward with sufficient evidence to warrant further consideration of the alleged delay in the payment of benefits eventually made, as well as the overall handling of the claim. Defendant's adoption of the mantra that Plaintiff accepted full benefits under his flood policy does not foreclose damage from a covered loss, especially when Defendant "concedes that its subsequent investigation uncovered some separate and independent wind damage." This "subsequent investigation" led to the tender of $25,742.00 in policy benefits after Plaintiff retained a lawyer and litigation had been instituted. *See generally Broussard v. State Farm Fire and Casualty Co.*, 523 F.3d 618 (5th Cir. 2008).

The parties should understand that this does not mean, in the final analysis, that the jury will be given a punitive damages instruction or one that deals with extra-contractual damages. For the purposes of Fed. R. Civ. P. 56, it is not for the Court to weigh the evidence or evaluate the credibility of witnesses, but must consider the evidence submitted by the parties in support of and in opposition to the motion and grant all reasonable inferences to the non-moving party, in this instance the Plaintiff. In other words, that evidence and those inferences drawn from it are viewed in the light most favorable to the non-moving party.

It is anticipated that the trial of this case will be phased. It should be pointed out that

Judge Ozerden ruled recently that the scheduled trial in *Fowler v. State Farm Fire & Casualty Co., et al.*, No. 1:06cv489, now settled, would be tried in three phases. The first phase would consider the underlying contractual/coverage/negligence claims. The second and third phases were to be reserved for punitive and extra-contractual damages. This is a valid method. *Broussard, supra*, suggests that consequential or extra-contractual damages may be appropriate when punitive damages are not. The Mississippi Supreme Court, in *United American Insurance Co. v. Merrill*, 978 So. 2d 613 (Miss. 2007), held that attorney's fees are justified where punitive damages are awarded. Depending on the outcome of the first phase, it follows that the non-contractual damages identified by Plaintiff potentially do not come into play until after the first phase. Thus, the only issue that will be tried in phase one is the coverage claim. The subject(s) of any additional phases will be determined once the first phase is fully concluded. Of course, counsel for each party may make statements at the beginning of each phase that is held.

Furthermore, as the Court has stated numerous times, it is difficult to envision a breach of an insurance contract suit without consideration of the manner in which the claim was handled. This would be the case even if punitive or extra-contractual damages were not sought. Therefore, Plaintiff will be allowed to introduce evidence in the initial phase concerning the handling of the claim by Defendant (keeping in mind that the Court will instruct the jury on the applicable law).

Accordingly, **IT IS ORDERED**:

Defendant's [72] Motion for Partial Summary Judgment is **DENIED**.

**SO ORDERED** this the 20th day of November, 2008.

> s/ L. T. Senter, Jr.
> L. T. SENTER, JR.
> SENIOR JUDGE