UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL PAYMENT, M.D.                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 1:07cv1003-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                 DEFENDANT

## ORDER

There are numerous pending motions *in limine* in this cause of action, all filed by the Defendant (which will be referred to as State Farm).  This order addresses the following:

[99] Motion to Exclude Evidence, Testimony, or Argument Relating to Mississippi Department of Insurance Bulletins and Related Correspondence;

[100] Motion to Preclude Plaintiff from Introducing Testimony that Waiver or Estoppel Create or Modify Coverage;

[101] Motion to Exclude any and all Testimony, Evidence, and Argument Regarding any Grand Jury or Government Investigation of the Insurance Industry's Response to Hurricane Katrina;

[102] Motion to Exclude any and all Testimony, Evidence, and Argument Regarding Claims Handling for Properties Other than Plaintiff's;

[103] Motion to Exclude Testimony, Evidence, and Argument Relating to Interpretation of Insurance Policy Provisions or Principles of Mississippi Law and to Exclude the Wind/Water Claim Handling Protocol;

[104] Motion to Exclude Evidence, Testimony, or Argument Concerning Evidence of Out-of-State Conduct;

[108] Motion to Preclude Plaintiff from Identifying, Using, or Referencing any Unproduced Evidence or Witnesses for use at Trial;

[109] Motion to Exclude any and all Testimony, Evidence, and Argument Relating to the Market Conduct Report;

[111] Motion for a Phased Trial and to Preclude any and all Testimony, Evidence, and

Argument Regarding Negligence, Other Tort Claims, and Claims for Extra-Contractual and Punitive Damages Prior to a Finding of Coverage Under the Insurance Policy; and

[113] Motion to Exclude Certain Inaccurate, Confusing, and Misleading Evidence.

The Court will address the [106] Motion to Preclude Evidence or Testimony that Plaintiff's Home was Completely Destroyed by Wind, and its companion–the [107] Motion for a Ruling that Plaintiff's Acceptance of a Flood Insurance Payment Constitutes an Admission that at Least that Amount of Flood Damage Occurred and that the Flood Insurance Payment Must be Offset Against any Recovery Under Plaintiff's Homeowners Insurance–by separate order.

The Court has ruled consistently that Mississippi Department of Insurance bulletins and correspondence are not admissible, unless State Farm responded to them in one manner and acted in another, or if State Farm used or relied on those bulletins for other purposes. The same exception holds true if State Farm made a statement in the nature of an evidentiary admission in any of these documents. Otherwise, these documents are not relevant to any issue in dispute and will be inadmissible at trial. Except as conditioned above, the Court will grant State Farm's [99] motion.

In a related [109] motion, to which Plaintiff has not responded (*see* Uniform Local Rule 7.2(C)(2)), State Farm seeks the exclusion of the Report of the Special Target Examination for Hurricane Katrina Homeowner Claims (popularly known as the Market Conduct Report) commissioned by the Mississippi Department of Insurance. In addition to Plaintiff's failure to respond, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. State Farm's [109] motion will be granted.

In his response to State Farm's [100] motion aimed at the issues of waiver or estoppel, Plaintiff claims that he is not offering communications with the insurance agent to modify or expand coverage, but that they are relevant to his claim of failure to procure adequate insurance coverage. The Court views this is a distinction without a difference. The Court is all too familiar with the inadequate insurance coverage to which Plaintiff refers–that in requesting "hurricane coverage," he was not covered for everything related to a hurricane, although the policy issued to him contains a valid and unambiguous flood exclusion, Plaintiff maintained a separate flood policy as required by his mortgagor, and the agent is not a party to this cause of action. The United States Court of Appeals for the Fifth Circuit has made its position well known on the subject of blanket hurricane coverage. *Leonard v. Nationwide Mutual Insurance Co.*, 499 F.3d 419 (5th Cir. 2007), recognized that an "insured has an affirmative duty to read the policy," and "[w]hether the policy was read or not . . . constructive knowledge of its contents is imputed to the policyholder." *Id.* at 438. *See also Tuepker v. State Farm Fire & Casualty Co.*, 507 F.3d 346 (5th Cir. 2007). Plaintiff in the instant case knew or should have known the policy's contents, and evidence dealing with waiver or estoppel will not be allowed.

Plaintiff argues that State Farm's [101] motion regarding government and grand jury investigations of the insurance industry's response to Hurricane Katrina, as well as the [104] motion concerning out-of-state conduct, are premature. The Court disagrees. Once again, consistent with other rulings on these issues, this evidence is fraught with the danger of unfair prejudice, confusion of the issues, and misleading the jury. The Court observed in the [97] Order denying State Farm's Motion for Partial Summary Judgment that "[t]his cause of action is between Plaintiff and Defendant arising under a contractual relationship, with Defendant owing obligations to Plaintiff, including the implied duty of good faith and fair dealing, and the legal responsibility to fairly investigate and evaluate his claims and respond appropriately." That is the sole focus of the trial of this cause of action.

Plaintiff intends to offer evidence concerning other properties in close proximity to his which were also insured by State Farm and where wind damage was allegedly sustained. State Farm seeks [102] to exclude this evidence. This Court has not allowed the introduction of evidence of claims adjusted by different insurance companies. On the other hand, State Farm's own adjusting practices, policies, and procedures are fair game for cross examination. While the wholesale introduction of evidence of this type will not be allowed, Plaintiff will not be prohibited from developing fact-specific proof of State Farm's own claims adjusting in any case where the property(ies) is/are in reasonably close proximity to Plaintiff's and was/were exposed to similar storm conditions. Thus, State Farm's motion will be denied.

State Farm's [103] [111] motions are mixed bags. On the one hand, State Farm is correct that testimony concerning the interpretation of policy provisions and Mississippi law is not appropriate. Both subjects are issues of law within the province of the Court, not the jury. On the other, State Farm may not prevent Plaintiff from introducing evidence in the first phase of the trial concerning the manner in which the claim was handled (keeping in mind that the Court will instruct the jury on the applicable law, whether that relates to the policy provisions or the procedure adopted by State Farm in applying them (and what was done and not done in seeking guidance in that process). As the Court has pointed out on numerous occasions (including its [97] order in the instant case), it is difficult to envision a breach of an insurance contract lawsuit without consideration of the policy provisions or the procedure utilized in handling the claim. This would be the case even if punitive or extra-contractual damages were not sought. Specifically, the wind/water protocol adopted by State Farm is also admissible, as it is just another part of the claim adjustment process in assessing Plaintiff's entitlement to benefits under his insurance policy. This same conclusion applies to State Farm's [111] motion for a phased trial. The Court outlined the procedure to be used in its [97] Order, which will not be repeated here. Of course, Plaintiff will be allowed to address the prospect of punitive damages in *voir dire*.

The Court will reserve a ruling on State Farm's [108] [113] requests to exclude, respectively, unproduced evidence or witnesses for use at trial and "certain inaccurate, confusing and misleading evidence." The former is so broad that the Court is not in a position to make a ruling in advance, because much depends on such factors as for what purpose the evidence or

testimony is offered. The latter deals specifically with the meteorology report and testimony of Patrick Fitzpatrick. At present, it sounds more in the nature of weight and credibility instead of admissibility, but the Court will keep an open mind when this witness is called to testify. Therefore, these motions will be held in abeyance pending a ruling by the Court on the admissibility of testimony and documents to be offered at trial.

Accordingly, **IT IS ORDERED**:

State Farm's [99] Motion to Exclude Evidence, Testimony, or Argument Relating to Mississippi Department of Insurance Bulletins and Related Correspondence is **GRANTED**, subject to the above comments;

State Farm's [100] Motion to Preclude Plaintiff from Introducing Testimony that Waiver or Estoppel Create or Modify Coverage is **GRANTED**;

State Farm's [101] Motion to Exclude any and all Testimony, Evidence, and Argument Regarding any Grand Jury or Government Investigation of the Insurance Industry's Response to Hurricane Katrina is **GRANTED**;

State Farm's [102] Motion to Exclude any and all Testimony, Evidence, and Argument Regarding Claims Handling for Properties Other than Plaintiff's is **DENIED**, subject to the above comments;

State Farm's [103] Motion to Exclude Testimony, Evidence, and Argument Relating to Interpretation of Insurance Policy Provisions or Principles of Mississippi Law and to Exclude the Wind/Water Claim Handling Protocol is **GRANTED IN PART** (as to interpretation of the policy and law) and **DENIED IN PART** (as to the wind/water protocol);

State Farm's [104] Motion to Exclude Evidence, Testimony, or Argument Concerning Evidence of Out-of-State Conduct is **GRANTED**;

State Farm's [108] Motion to Preclude Plaintiff from Identifying, Using, or Referencing any Unproduced Evidence or Witnesses for use at Trial is **HELD IN ABEYANCE**;

State Farm's [109] Motion to Exclude any and all Testimony, Evidence, and Argument Relating to the Market Conduct Report is **GRANTED**;

State Farm's [111] Motion for a Phased Trial and to Preclude any and all Testimony, Evidence, and Argument Regarding Negligence, Other Tort Claims, and Claims for Extra-Contractual and Punitive Damages Prior to a Finding of Coverage Under the Insurance Policy is **GRANTED IN PART** and **DENIED IN PART**, subject to the above comments ; and

State Farm's [113] Motion to Exclude Certain Inaccurate, Confusing, and Misleading

Evidence is **HELD IN ABEYANCE**.

     **SO ORDERED** this the 18th day of December, 2008.

                            s/ <u>L. T. Senter, Jr.</u>
                            L. T. SENTER, JR.
                            SENIOR JUDGE